No. 25-20524

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Geoffrey Polk,

*Plaintiff-Appellant*,

---v.---

CASSIE BROWN, IN HER OFFICIAL CAPACITY AS THE TEXAS INSURANCE
COMMISSIONER,

*Defendant-Appellee*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CASE NO. 4:25-CV-02652

_____

BRIEF FOR PLAINTIFF-APPELLANT

_____

Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Geoff@geoffreypolk.com
312-929-3861
*Pro se*

i

# CERTIFICATE OF INTERESTED PERSONS

1. No. 25-20524, *Polk v. Brown*

   USDC No. 4:25-CV-02652

2. The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

   - GEOFFREY POLK
   - CASSIE BROWN, IN HER OFFICIAL CAPACITY AS THE TEXAS INSURANCE COMMISSIONER

Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Geoff@geoffreypolk.com
312-929-3861
*Pro se*

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant, Geoffrey Polk, does not request oral argument in this case. The legal issues presented are well-briefed and can be resolved on the papers. The District Court's failure to apply the required four-factor preliminary injunction framework, and the proper application of that framework to undisputed facts, present questions of law that do not require further elaboration beyond the written submissions.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ..................................................................... **II**

**STATEMENT REGARDING ORAL ARGUMENT** ........................................................**III**

**TABLE OF CONTENTS** ..................................................................................................**IV**

**TABLE OF AUTHORITIES** ........................................................................................... **V**

**STATEMENT OF JURISDICTION** ................................................................................ **1**

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW** ....................................... **2**

    I.    DID THE DISTRICT COURT ERR IN DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BY FAILING TO APPLY THE REQUIRED FOUR-FACTOR TEST—LIKELIHOOD OF SUCCESS ON THE MERITS, IRREPARABLE HARM, BALANCE OF EQUITIES, AND THE PUBLIC INTEREST—AND INSTEAD RELYING ON CONSIDERATIONS NOT RECOGNIZED UNDER FIFTH CIRCUIT PRECEDENT?. .... **2**

**INTRODUCTION**............................................................................................................... **2**

**STANDARD OF REVIEW** ................................................................................................ **3**

**SUMMARY OF ARGUMENT** ......................................................................................... **3**

**ARGUMENT**...................................................................................................................... **5**

    **I.**    **The District Court Failed to Apply the Required Four-Factor Test for Preliminary Injunctive Relief.** ........................................................................................................ **5**

    **II.**    **Proper Application of the Four-Factor Test Compels Reversal.**........................... **8**

**CONCLUSION** ................................................................................................................ **13**

**CERTIFICATE OF COMPLIANCE** ............................................................................... **13**

**CERTIFICATE OF SERVICE** ........................................................................................ **14**

# TABLE OF AUTHORITIES

**CASES**

*Allstate Ins. Co. v. Abbott*, 495 F.3d 151 ................................................................................ 11
*Basicomputer Corp. v. Scott*, 973 F.2d 507……………………………………………………..12
*Byrum v. Landreth*, 566 F.3d 442 ........................................................................ 3, 5, 6, 7, 8, 13
*Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F. 3d 922 ........................................................... 12
*Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 ......................................................... 12
*Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925 ...................................... 10
*Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328 ...................................................................... 11
*Elrod v. Burns*, 427 U.S. 347 .............................................................................................. 4, 13
*In re Deepwater Horizon*, 739 F.3d 790 .................................................................................... 7
*In re Volkswagen of Am., Inc.*, 545 F.3d ................................................................................... 7
*NextEra Energy Capital Holdings v. Lake*, 48 F.4th 306, ...................................................... 11
*Opulent Life Church v. City of Holly Springs*, 697 F.3d 279 ............................................... 7, 13
*Silver v. Garcia*, 760 F.2d 33 ................................................................................................. 10
*Supreme Court of Va. v. Friedman*, 487 U.S. 59 .................................................................... 10
*Supreme Ct. of N.H. v. Piper*, 470 U.S. 274 ........................................................................... 10
*Toomer v. Witsell*, 334 U.S. 385 ........................................................................................... 4, 9
*United Bldg. & Constr. Trades Council v. Camden*, 465 U.S. 208 .......................................... 10
*United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt. Auth.,* 550 U.S. 330............... 11
*Walz v. Tax Comm'n of City of New York*, 397 U.S. 664 ........................................................... 5
*Winter v. Natural Resources Defense Council, Inc.* ................................................................... 7

**STATUTES**

§ 2652.056(1)........................................................................................................................ 2, 14
28 U.S.C. § 1292(a)(1),............................................................................................................... 1
28 U.S.C. § 1331......................................................................................................................... 1
Tex. Ins. Code § 2652.051(c)(1)........................................................................................... 2, 14

**CONSTITUTIONAL PROVISIONS**

28 U.S.C. § 1343(a) ..................................................................................................................... 1
Equal Protection Clause .......................................................................................... 1, 2, 3, 4, 8, 12
Privileges and Immunities Clause............................................................................... 1, 2, 3, 8, 9

## STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a) (civil rights jurisdiction), as Plaintiff-Appellant Geoffrey Polk ("Plaintiff") asserted claims for declaratory and injunctive relief arising under the Privileges and Immunities Clause of Article IV and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The district court denied Plaintiff's request for a preliminary injunction on October 28, 2025. *See* Dkt. 10.

This Court has jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1), which provides for appellate review of interlocutory orders of the district courts "refusing [to issue an] injunction[]." Plaintiff appeals from the District Court's order entered on the record and noted via docket entry (Dkt. 10) on or about the date of the hearing, denying Plaintiff's Motion for Preliminary Injunction. The Notice of Appeal was timely filed. *See* Dkt. 19 (showing Plaintiff's notice of appeal file on November 13, 2025, within the 30 days required by Fed. R. App. P. 4(a)(1)(A)).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Did the district court err in denying Plaintiff's motion for a preliminary injunction by failing to apply the required four-factor test—likelihood of success on the merits, irreparable harm, balance of equities, and the public interest—and instead relying on considerations not recognized under Fifth Circuit precedent?

## INTRODUCTION

This case involves a constitutional challenge to protectionist licensing barriers in the Texas title insurance industry. Plaintiff Geoffrey Polk is a highly qualified attorney and title professional licensed in over 40 states. Compl. ¶4. In April 2025, Plaintiff applied for a Texas Escrow Officer License. *Id.* ¶8. Despite his extensive qualifications and his status as a licensed Texas attorney, the Texas Department of Insurance ("TDI") summarily denied his application solely because he does not reside in Texas or an "adjacent state." *Id.* ¶9.

Plaintiff filed suit seeking declaratory and injunctive relief, asserting that Tex. Ins. Code § 2652.051(c)(1) (the "Residency Requirement") and § 2652.056(1) violate the Privileges and Immunities Clause and the Equal Protection Clause. *Id.* ¶¶17-20. Plaintiff moved for a preliminary injunction to halt the enforcement of these residency barriers. Dkt. 10.

The District Court denied the motion for preliminary injunction. The Court expressed hesitation to "overturn a 60-year-old statute on a preliminary basis" and questioned the existence of irreparable harm because Plaintiff had not sought preliminary

2

relief in similar suits in other jurisdictions. Dkt. 18; R. at 18-20; *see also* Dkt. at 10 ¶18 (showing Polk affirming that he is suffering "ongoing, concrete, and irreparable, and monetary damages alone cannot make me whole[,]" this affidavit was not contested). Furthermore, the Court found the merits "unclear" regarding the application of the Friedman analysis. *Id.* Plaintiff now appeals that denial.

## STANDARD OF REVIEW

While this Court will generally only review the denial of a preliminary injunction for "abuse of discretion" when "a decision [is] grounded in erroneous legal principles [it] is reviewed *de novo*." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). "Whether [the protections afforded to Appellant under the Privileges and Immunities Clause and Equal Protection Clause] have been infringed presents a mixed question of law and fact reviewed *de novo*, and when a preliminary injunction turns on a mixed question of law and fact, it, too, is reviewed *de novo*." *Id.*

## SUMMARY OF ARGUMENT

This Court should reverse the District Court's order denying Plaintiff's preliminary injunction because the District Court's denial of preliminary relief did not look at the appropriate factors to decide if preliminary relief is warranted. A preliminary injunction should be issued if the moving party can satisfy the four-factor test as laid out in *Byrum*, 566 F.3d at 444. Rather than conduct this analysis, the District Court based its denial on the statute's age, Plaintiff's litigation strategy in other jurisdictions, and purported factual

3

uncertainty—none of which are recognized factors under Fifth Circuit precedent. *See* R. at 6, 10, 19.

Had the District Court properly analyzed the first factor, it would have found a substantial likelihood of success on the merits. The right to pursue a "common calling," such as serving as an escrow officer, is a fundamental privilege protected by Article IV of the constitution. *Toomer v. Witsell*, 334 U.S. 385, 403 (1948). The Supreme Court has repeatedly struck down residency requirements for professional licenses when the state cannot prove that nonresidents are a "peculiar source of evil." *Id.* at 398. Texas has provided no evidence that nonresidents pose any unique risk to the escrow process, particularly given that Plaintiff is already a licensed Texas attorney entrusted with client funds in IOLTA accounts. The residency requirement also fails even the most deferential rational basis review under the Equal Protection Clause because the "adjacent state" carve-out is purely arbitrary. There is no rational basis for allowing a resident of Shiprock, New Mexico—over 400 miles from the Texas border—to be licensed while excluding a resident of Liberal, Kansas, 50 miles from the border, solely based on the contiguity of state lines.

Had the District Court properly analyzed the second factor, it would have found irreparable harm. The court instead improperly based its finding on Plaintiff's litigation strategy in other states, which has no bearing on the constitutional deprivation he suffers in Texas. "The loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 374 (1976).

4

Finally, the District Court made no findings whatsoever on the third and fourth factors, balance of harms and public interest, which alone constitutes reversible error. And the court's reliance on the statute's "longevity" as a basis for denial reflects a fundamental misunderstanding of constitutional adjudication. The age of a statute is not a factor in the preliminary injunction analysis, nor is it a defense to unconstitutionality; "no one acquires a vested or protected right in violation of the Constitution by long use." *Walz v. Tax Comm'n of City of New York*, 397 U.S. 664, 678 (1970).

## ARGUMENT

### I. The District Court Failed to Apply the Required Four-Factor Test for Preliminary Injunctive Relief.

#### A. The District Court Applied the Wrong Analysis.

The district court denied Plaintiff's motion for preliminary injunction without conducting the analysis required by this Circuit. Rather than evaluate the four *Byrum* factors, the court offered three alternative rationales, none of which find support in the governing legal framework. *See* R. at 6, 10, 19.

First, the court expressed reluctance to act because it would be "precipitous to overturn a 60-year-old statute on a preliminary basis." Dkt. 18; *see* R. 18-19. The age of a statute has never been a factor in preliminary injunction analysis. A constitutional violation does not become less urgent simply because the offending law has been on the books for decades.

Second, the court found that Plaintiff's failure to seek preliminary injunctions in similar cases in other states suggested "slight, if any, perception of actual irreparable injury." *Id.* Whether a plaintiff has sought emergency relief in other jurisdictions says nothing about whether he suffers ongoing constitutional injury in Texas. Litigation strategy elsewhere—shaped by different procedural postures and tactical considerations—has no bearing on the deprivation at issue in the case before the court.[1]

Third, the court concluded that the merits were "unclear" and that "more discovery was necessary." *Id.* But the court never identified what facts were missing. The relevant facts are undisputed: Plaintiff applied for a Texas escrow officer license, was denied solely because he does not reside in Texas or an adjacent state and possesses all other qualifications including admission to the Texas bar. Plaintiff's affidavit was uncontested, and the district court made no contrary findings. The questions before the court, whether serving as an escrow officer constitutes a fundamental right and whether Texas can justify its residency requirement, are questions of law, not fact.

The district court's minute entry reflects no engagement with the *Byrum* factors. The court did not find Plaintiff unlikely to succeed, it declined to reach the question. It made no findings on balance of equities or public interest. It substituted institutional caution for the legal analysis this Circuit requires.

---

[1] The district court's reliance on Plaintiff's litigation posture elsewhere is particularly puzzling given that Plaintiff has obtained favorable rulings in similar constitutional challenges. *See Polk v. Wing-Heier*, No. 3:24-cv-00207-HRH (D. Alaska Apr. 28, 2025); *Polk v. Stolfi*, No. 3:24-cv-01670-IM (D. Or. May 7, 2025)

**B. The Correct Standard for Preliminary Injunctive Relief Under *Byrum*.**

The framework for preliminary injunctive relief admits of no variation based on a statute's age or a plaintiff's litigation choices elsewhere. A preliminary injunction should issue if the movant demonstrates "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Byrum*, 566 F.3d at 445.

While this Court reviews the denial of a preliminary injunction for abuse of discretion, *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012), that standard does not insulate legal errors from appellate correction. A district court abuses its discretion when it relies on erroneous conclusions of law. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008). More importantly, the underlying legal questions, including whether a plaintiff has demonstrated a likelihood of success on constitutional claims, are reviewed *de novo*. *In re Deepwater Horizon*, 739 F.3d 790, 798 (5th Cir. 2014).

This distinction is critical. The district court made no determination as to whether Plaintiff is likely to succeed on his Privileges and Immunities claim, it simply declined to decide. But a court's refusal to engage with the merits does not deprive this Court of authority to resolve the legal questions presented. The facts are undisputed and appear in Plaintiff's uncontested affidavit. The legal framework is established by binding Supreme

Court precedent. *See e.g.*, *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). There is no obstacle to resolving the constitutional question on this record, and no reason to remand for discovery into matters that are not at all in dispute.

## II.    Proper Application of the Four-Factor Test Compels Reversal.

Because the district court did not apply the *Byrum* framework, it failed to make the findings required to deny preliminary relief. The court's stated rationales are not substitutes for the four-factor analysis; they are departures from it. Proper application of each factor demonstrates that Plaintiff is entitled to preliminary injunctive relief.

### A. Substantial Likelihood of Success on the Merits.

On likelihood of success, the district court made no determination at all. It did not conclude that Plaintiff's Privileges and Immunities claim was weak or that Texas's residency requirement would likely survive constitutional scrutiny, it simply demurred, citing the need for discovery. But the *Byrum* framework requires a determination, not indefinite postponement. A district court cannot avoid the merits inquiry by asserting that the questions are difficult. The "likelihood of success' factor exists precisely to require courts to make preliminary assessments before all discovery is complete. If courts could decline to rule whenever constitutional issues are contested, preliminary relief would be unavailable in the cases where it matters most.

The central question is whether Plaintiff demonstrated a substantial likelihood of success on his claim that Texas's escrow officer residency requirement violates the

Privileges and Immunities Clause and the Equal Protection Clause. This is a question of law that this Court can and should resolve, as the district court made no findings and the relevant facts are undisputed.

### 1. The Residency Requirement Violates the Privileges and Immunities Clause.

The Privileges and Immunities Clause provides that "the citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. The Supreme Court has established a two-step framework: first, whether the activity is "sufficiently basic to the livelihood of the Nation" such that it constitutes a fundamental right; and second, whether the restriction is "closely related to the advancement of a substantial state interest." *Supreme Court of Va. v. Friedman*, 487 U.S. 59, 64 (1988). The State bears the burden of demonstrating both a substantial reason for the difference in treatment and that the discrimination practiced against nonresidents bears a substantial relationship to the State's objective. *See id.* at 65. Critically, the State must show that nonresidents "constitute a peculiar source of the evil at which the statute is aimed." *Toomer*, 334 U.S. at 398.

On the first prong, the pursuit of a "common calling" is a fundamental right protected by Article IV. *United Bldg. & Constr. Trades Council v. Camden*, 465 U.S. 208, 219 (1984). The Supreme Court has struck down residency requirements for attorneys on this basis. *See Friedman*, 487 U.S. at 65; *Supreme Ct. of N.H. v. Piper*, 470 U.S. 274, 281

(1985). Other circuits have extended this reasoning to insurance professionals, holding that the ability to act as an insurance consultant in another state "must be considered a fundamental right or privilege." *Silver v. Garcia*, 760 F.2d 33, 36 (1st Cir. 1985); *see also Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 934 (9th Cir. 2008)[2]. While persuasive rather than binding, these decisions reflect consistent application of Supreme Court precedent to professional licensing. There is no principled basis for distinguishing escrow officers, who perform critical fiduciary functions in real estate transactions, from attorneys or insurance professionals. Serving as an escrow officer is a "common calling" protected by Article IV.

On the second prong, Texas cannot meet its burden. The State has offered no evidence that nonresident escrow officers pose any unique threat to Texas consumers, and the district court made no findings to the contrary because there was nothing in the record upon which such a finding could rest. Plaintiff's uncontested affidavit established that he is a licensed Texas attorney already entrusted with client funds in IOLTA accounts and has passed title examinations in multiple states. If Texas trusts Plaintiff to practice law and manage client funds as an attorney, its categorical exclusion of him from escrow work lacks any rational foundation. The statute's arbitrary "adjacent state" exception, permitting

---

[2] In *Presidential Title, LLC v. Harris*, No. 4:25-cv-00839 (E.D. Ark. Dec. 12, 2025), the court held that the opportunity to become a licensed title insurance agent is a right protected by the Clause because it prevents a state from imposing unreasonable burdens on citizens of other states in the pursuit of common callings. Texas, like Arkansas, requires applicants to pass written examinations to demonstrate proficiency. *See Presidential Title*, Slip Op. at 14. If an examination ensures a resident's competence, it likewise ensures a nonresident's competence.

residents of Arkansas and New Mexico to obtain licenses while excluding residents of Missouri and Kansas regardless of their proximity to Texas, further exposes the requirement as a barrier designed to shield Texas practitioners from competition rather than to protect consumers.

### 2. The Residency Requirement Fails Rational Basis Review Under the Equal Protection Clause.

Even assuming this Court were to conclude that the Privileges and Immunities or Clause analyses require further development, the residency requirement independently fails rational basis review under the Equal Protection Clause. A classification must bear "a rational relationship to a legitimate state interest." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985). The "adjacent state" exception defeats any claim of rationality. A resident of Liberal, Kansas, approximately 50 miles from the Texas border, is categorically excluded from licensure, while a resident of Shiprock, New Mexico, over 400 miles from Texas, qualifies solely because New Mexico shares a border with Texas. No conceivable rational basis supports this distinction. It cannot be justified by geographic proximity, familiarity with Texas law, regulatory oversight, or any other legitimate objective. The only explanation is that the statute was drawn to benefit certain practitioners based on nothing more than the happenstance of state-line contiguity. This is precisely the kind of arbitrary line-drawing that fails even the most deferential constitutional scrutiny.

### B. Plaintiff Will Suffer Irreparable Harm if a Preliminary Injunction is not Entered.

On irreparable harm, the district court's finding was based entirely on an improper consideration. The question is not whether Plaintiff has sought preliminary relief elsewhere, but whether he suffers irreparable injury from the deprivation of his constitutional rights in Texas. "The loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod*, 427 U.S. at 374. Plaintiff is categorically barred from practicing his profession in Texas based solely on his state of residence. That injury is concrete, ongoing, and incapable of remedy through monetary damages. The Federal Circuit held that the inability to operate hinders the ability to expand and maintain relationships with national and regional clients who require services in multiple jurisdictions, Plaintiff is suffering exactly these irreparable harms. *See Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F. 3d 922, 930 (Fed. Cir. 2012) (holding that loss of "customer relationships" and "customer goodwill" constitute irreparable harm); *see also Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992) (same).

### C. The Balance of Equities and Public Interest Favors Plaintiff.

On balance of equities and public interest, the district court made no findings at all. This silence alone constitutes error, as the *Byrum* framework requires evaluation of all four factors. The balance of equities and public interest favor Plaintiff. The public interest is served by vindicating constitutional rights. *Opulent Life Church*, 697 F.3d at 298. Texas suffers no cognizable harm from being enjoined from enforcing an unconstitutional barrier. The State has no legitimate interest in maintaining a discriminatory scheme, and an

12

injunction would simply permit qualified nonresidents to compete on equal terms, precisely what the constitution requires.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant Geoffrey Polk respectfully requests that this Court **REVERSE** the District Court's denial of the preliminary injunction and **REMAND** with instructions to **ENTER** a preliminary injunction against the enforcement of Tex. Ins. Code §§ 2652.051(c)(1) and 2652.056(1).

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because the brief contains 3800 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  February 11, 2026
Chicago, Illinois

_s/ *Geoffrey Polk*_____

Geoffrey Polk

*Pro se*

13

## CERTIFICATE OF SERVICE

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on February 11, 2026.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated:  February 11, 2026
Chicago, Illinois                    _s/ *Geoffrey Polk*_____
Geoffrey Polk
*Pro se*