Case No. 25-20524

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Geoffrey Polk,

*Plaintiff-Appellant,*

*v.*

Cassie Brown, In her Official Capacity as the Texas Insurance
Commissioner,

*Defendant-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CASE NO. 4:25-CV-02652

---

APPELLANT'S MOTION TO EXPEDITE APPEAL

---

Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Geoff@geoffreypolk.com
312-929-3861
*Pro se*

1

Plaintiff-Appellant Geoffrey Polk, proceeding *pro se*, respectfully moves this Court pursuant to 5th Cir. R. 27.5 and 34.5, and 28 U.S.C. § 1657, to expedite consideration of this appeal. In accordance with 5th Cir. R. 27.4, counsel for Appellant conferred with counsel for Appellee regarding the relief requested herein. Counsel for Appellee indicated that Appellee will not oppose this motion if Appellant withdraws his limited opposition to Appellee's Motion to Extend Time; otherwise, Appellee opposes the motion.

**GOOD CAUSE EXISTS FOR EXPEDITED CONSIDERATION**

This is an interlocutory appeal under 28 U.S.C. § 1292(a)(1) from the denial of a preliminary injunction. Appellant challenges a statutory residency requirement that categorically bars him from practicing his profession in Texas based solely on his state of residence.

Good cause supports expedited consideration. First, this appeal arises from the denial of preliminary injunctive relief, a category of cases entitled to priority under 28 U.S.C. § 1657 and 5th Cir. R. 47.7.

Second, Appellant suffers ongoing and irreparable injury while this appeal remains pending. He is categorically barred from obtaining a Texas escrow officer license, and thus from practicing his profession in

2

Texas, based solely on his state of residence. *See Affidavit ¶ 18.* "The loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 374 (1976); *see also Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 297 (5th Cir. 2012) (granting motion to expedite appeal from denial of preliminary injunction where appellant alleged ongoing constitutional deprivation). Each additional month of delay prolongs that harm.

Third, the appeal presents a focused legal question appropriate for expedited resolution. The relevant facts are undisputed, and the issues turn on constitutional analysis of a facial residency requirement. No further factual development is necessary. [1]

## EXPEDITION IS FEASIBLE

Appellant's opening brief has been filed, and the record is complete. The appeal presents a discrete legal question and does not involve a

---

[1]Appellant does not represent that the Middle District of Louisiana is awaiting this Court's ruling; however, a pending motion for preliminary injunction in *Polk v. Temple*, No. 3:25-cv-753 (M.D. La.), presents substantially similar constitutional questions. Resolution of this appeal will therefore bear directly on that matter. Expedited consideration here may promote judicial economy by clarifying the governing legal framework and facilitating efficient disposition of both cases.

voluminous record. The case is suitable for submission without oral argument if the Court deems appropriate.

## PROPOSED EXPEDITED SCHEDULE

Appellant respectfully requests that this Court enter an order providing for submission of the appeal as expeditiously as practicable following completion of briefing, and that the case be decided without oral argument.[2]

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant this motion and expedite the submission of this appeal.

Respectfully submitted,

*/s/ Geoffrey Polk*
Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Ph:  312-929-3861
Email :  Geoff@geoffreypolk.com

---

[2] Appellant does not request a fixed reply deadline but anticipates filing any reply brief promptly after Appellee's Response Brief.

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains <u>696</u> words; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count). See Fed. R. App. P. 27(d)(1)(E).

_/s/ Geoffrey Polk_____
Geoffrey Polk, Esq.

## CERTIFICATE OF CONFERENCE

On February 19, 2026, counsel for Appellant conferred with Cory Scanlon, counsel for Appellee. Counsel for Appellee indicated that Appellee opposes this motion unless Appellant withdraws his limited opposition to Appellee's Motion to Extend Time.

_/s/ Geoffrey Polk_____
Geoffrey Polk, Esq.